# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY EPHRAIM ROGERS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DAVID B. KAYE,<br><br>　　　　　Defendant.<br>_____/ | CASE NO. 1:10-CV-01224-DLB PC<br><br>ORDER DISREGARDING MOTIONS AS MOOT (DOCS. 6, 8)<br><br>ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM<br><br>DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

**Screening Order**

### I.   Background

Plaintiff Roy Ephraim Rogers ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on July 8, 2010. Plaintiff brings this action against Defendant David B. Kaye. On July 26, 2010, Defendant filed a motion to dismiss for failure to state a claim. Doc. 6. On August 16, 2010, Plaintiff filed his own motion to dismiss Defendant's motion. Doc. 8. The Court will first address Plaintiff's complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of Complaint

Plaintiff is currently housed at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events giving rise to this action occurred.  Plaintiff names as Defendant medical doctor David B. Kaye.

Plaintiff alleges the following.  Plaintiff had previously filed a lawsuit in Fresno County Superior Court alleging that Defendant Kaye of Natural Vision had performed unnecessary laser surgery on Plaintiff's right eye, resulting in Plaintiff becoming blind in that eye.  Plaintiff demanded a jury trial.  Defendant filed a motion for summary judgment.  The state court found for Defendant and against Plaintiff.

Plaintiff contend a violation of the Seventh Amendment.  Plaintiff seeks as relief damages from the loss of use of his right eye in the amount of $200,000.

### A.     Seventh Amendment

The entry of summary judgment does not deprive Plaintiff of his Seventh Amendment right to a jury trial. *See in re Slatkin*, 525 F.3d 805, 811 (9th Cir. 2008) ("As the Supreme Court held, over one hundred years ago, a summary judgment proceeding does not deprive the losing party of its Seventh Amendment right to a jury trial.") (citing *Fid. & Deposit Co. of Md. v. United States*, 187 U.S. 315, 319-21 (1902)).  There is no right to a jury trial where the evidence

is "so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

Here, the state court found that Defendant did not commit medical malpractice, and on March 25, 2009, granted summary judgment for Defendant accordingly.[1]  Thus, there is an issue as to who would allegedly violate Plaintiff's Seventh Amendment rights, as it was the state court who granted summary judgment for Defendant.  Nonetheless, pursuant to controlling federal law, there is no violation of the Seventh Amendment for a grant of summary judgment.

### B.    Collateral Estoppel/Res Judicata

If the Plaintiff had alleged an Eighth Amendment claim, such a claim has already been adjudicated in state court.  Federal courts "are required to give state court judgments the preclusive effect they would be given by another court of that state." *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 84 (1984)). I n California, res judicata, or claim preclusion, bars a second lawsuit between the same parties on the same cause of action. *People v. Barragan*, 32 Cal. 4th 236, 252 (2004).  Collateral estoppel, or issue preclusion, bars the relitigation of issues that were actually litigated and determined in the first action.  *Id.* at 252-53. The elements for applying either claim preclusion or issue preclusion to a second action are the same: "(1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *Id.* at 253 (internal quotations omitted).

Here, all three factors have been met.  The claim that Plaintiff seeks compensatory damages for in this action involves a surgery performed by Defendant Kaye and is the same claim that was previously brought in Fresno County Superior Court.  *See* Def.'s Mot. Dismiss, Doc. 7.  A prior state court proceeding in the Fresno County Superior Court resulted in a final judgment on the merits against Plaintiff.  Plaintiff then filed the instant action before this Court against Defendant Kaye.

---

[1] The Court takes judicial notice of *Roy Rogers v. David B. Kaye*, Case No. 07 CECG 04054, filed in Superior Court of California, County of Fresno.

**C.     Dismissal Without Leave To Amend**

Plaintiff fails to state a claim against Defendant Kaye. There are no set of facts that Plaintiff can allege which will cure the deficiencies in his complaint. Thus, leave to amend will not be granted. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

As the Court has adjudicated Plaintiff's complaint on the merits pursuant to 28 U.S.C. § 1915A, the motions are HEREBY DISREGARDED as moot.

**III.    Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted;

2. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g); and

3. Defendant's motion to dismiss, filed July 26, 2010, and Plaintiff's motion, filed August 16, 2010, are DISREGARDED as moot.

IT IS SO ORDERED.

Dated:   **February 16, 2011**              /s/ **Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE